UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MARCUS LELAND FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 19-227-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| R. JONES, ET AL., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Marcus Leland Freeman is confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Freeman filed a short civil rights Complaint in which he alleges that certain prison officials are not providing him with legally-adequate medical care. [Record No. 1] His Complaint is pending for initial screening pursuant to 28 U.S.C. § 1915A.

There are numerous procedural problems with this action. As a result, the Court will dismiss Freeman's Complaint without prejudice. First, Freeman's Complaint is not on a form approved for use as required by Local Rule 5.2(a). Second, Freeman has neither paid the $400.00 in filing and administrative fees nor filed a motion for leave to proceed *in forma pauperis*, as required to initiate litigation in this Court. Third, and most importantly, it is clear from the face of Freeman's Complaint that he has not yet fully exhausted his administrative remedies.

There is a multi-tiered administrative grievance process within the Federal Bureau of Prisons ("BOP"). If a matter cannot be resolved informally, a prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 U.S.C. §§ 542.14, 542.15, and 542.18. Once the prisoner has fully exhausted his administrative remedies, he may then file a lawsuit in federal court.

Here, it is clear from the face of Freeman's Complaint that he has not even started the BOP's administrative grievance process. Freeman is alleging that he received legally inadequate medical care between September 11, 2019 and September 17, 2019. [Record No. 1 at 2-4] Just two days later, on September 19, 2019, Freeman completed and signed his civil rights Complaint and mailed it to this Court. [Record No. 1 at 4] Given this timeline, it is obvious that he has failed to fully exhaust his administrative remedies. In this situation, the United States Court of Appeals for the Sixth Circuit has made it clear that "sua sponte dismissal may be appropriate where the prisoner's failure to exhaust is obvious from the face of the complaint." *See Barnett v. Laurel Co.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017). Accordingly, it is hereby

**ORDERED** as follows:

1. Freeman's Complaint [Record No. 1] is **DISMISSED** without prejudice.
2. This action is **STRICKEN** from the Court's docket.

Dated: September 27, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky